**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

JUN 1 1 1997

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EB Nelson Jr

| | | |
|---|---|---|
| JOE WOMACK | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | CV NO.  96-HM-2132-NW |
| | ) | |
| HILL EQUIPMENT CO., LLC d/b/a | ) | |
| HILL'S MARINE & OUTDOOR SPORTS and | ) | |
| BRUNSWICK MARINE, a division of | ) | |
| BRUNSWICK CORPORATION | ) | |
| | ) | |
|     Defendants | ) | |

**ENTERED**

JUN 1 1 1997

## MEMORANDUM OF DECISION

The above entitled civil action was commenced by JOE WOMACK in
the Circuit Court of Colbert County, Alabama on July 10, 1996
against HILL EQUIPMENT CO., LLC d/b/a HILL'S MARINE & OUTDOOR SPORTS
["Hill Equipment"] and BRUNSWICK MARINE ["Brunswick"], a division of
BRUNSWICK CORPORATION.  In his Complaint, Plaintiff alleged that
Defendants fraudulently sold him a defective boat which was
allegedly misrepresented to him as being a "new" boat.  The prayer
for relief seeks relief against the defendants "jointly and
severally" and requests unspecified compensatory and punitive
damages.

On July 17, 1996 Defendant Brunswick was served by certified
mail.  On July 11, 1996 service by certified mail was attempted on
Defendant Hill Equipment but service was not perfected.  On August
14, 1996 Defendant Brunswick Corporation [the only served Defendant
at the time], timely filed a Notice of Removal removing the above



entitled civil action to this United States District Court for the Northern District of Alabama, Northwestern Division asserting that this Court has jurisdiction of this case pursuant to U.S.C. § 1332 [diversity of citizenship and amount in controversy]. In its Notice of Removal, Defendant Brunswick alleges that it is a Delaware corporation with its principal place of business in the State of Illinois and that Defendant Hill Equipment [the unserved Defendant at the time of removal] is a Delaware corporation with its principal place of business in Mississippi and that Plaintiff Joe Womack ["Womack"] is a citizen of the State of Alabama. Defendant Brunswick further states in its Notice of Removal that "the amount in controversy appears to a reasonable legal certainty to be in excess of $50,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332." Simultaneously with filing the Notice of Removal on August 14, 1996, Defendant Brunswick filed its Answer.

On September 26, 1996 Defendant Hill Equipment was served by certified mail. On October 11, 1996, Defendant Hill Equipment made its first appearance in this above entitled civil action by filing a Motion to Dismiss or to Transfer alleging that: [1] Plaintiff's Complaint fails to state a claim upon which relief can be granted; [2] venue is improper; [3] the action should be transferred pursuant to 28 U.S.C. § 1404(a) or § 1406(a) to the United States District Court for the Northern District of Mississippi, Eastern Division, located in Aberdeen, Mississippi, which is the district in which the sale made the basis of the Plaintiff's Complaint

2

occurred and where Hill Equipment is located; and [4] that this Court lacks personal jurisdiction over Defendant Hill Equipment.

On October 16, 1996 Defendant Brunswick filed its Joinder in the Motion to Transfer. On November 7, 1996 this Court ordered Plaintiff to submit his response to Defendant Hill Equipment's Motion to Transfer. On November 15, 1996 Plaintiff submitted his Brief in Opposition to Defendants' Motion to Transfer.

## DISCUSSION

### I. TRANSFER OF CIVIL ACTIONS UNDER 28 U.S.C. § 1404(a)

28 U.S.C. § 1404(a) provides: "For the convenience of he parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court must first determine whether the action could have been brought in the proposed transferee district court. 28 U.S.C. § 1404(a). This Court hereby finds, holds and concludes that this instant action could have been filed in the United States District Court for the Northern District of Mississippi. That court has original subject matter jurisdiction over the alleged conduct in question in this civil action based upon diversity. 28 U.S.C. § 1332(a). Because the alleged wrongful act complained of occurred in Mississippi and the Defendants conduct business in Mississippi, the district court in Mississippi may exercise personal jurisdiction over the litigants. *See Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952). Under 28 U.S.C. § 1391, venue is proper in Mississippi because all of the events relating to the cause of the

3

action occurred in Mississippi and the defendants are subject to personal jurisdiction in Mississippi. After determining whether the action could have been brought in the transferee district, a district court must decide whether the balance of convenience favors transfer. *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 504 (M.D. Ala. 1994)(Albritton, J.). The United States Supreme Court has identified a number of factors to consider in determining whether a § 1404 transfer is warranted:

(1) the relative ease of access to sources of proof;

(2) availability of compulsory process for attendance of unwilling witnesses;

(3) the cost of obtaining attendance of willing witnesses;

(4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gilbert Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). In determining the appropriateness of a transfer, a district court may also consider where the operative facts underlying the cause of action transpired. *Johnston*, 158 F.R.D. at 504 (citing *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp. 8 (S.D. Fla. 1985)). After a careful consideration of the facts in this case, the Court holds and concludes that transfer to the United States District Court for the Northern District of Mississippi, Eastern Division is the most appropriate forum for the above entitled civil action for three reasons: (1) all material documents and witnesses, except the Plaintiff Womack, are located in Mississippi; (2) all of the alleged wrongful acts asserted by Plaintiff in his Complaint

4

occurred in Mississippi; and (3) Mississippi law applies to this civil action.

**A. *CONVENIENCE OF THE WITNESSES***

In support of its Motion to Transfer, Defendant Hill Equipment submits the affidavit of Hill Equipment salesman Tommy Ruff who sold the boat at issue in this civil action to Plaintiff. In support of its Joinder in Motion to Transfer, Defendant Brunswick Marine, submits the affidavit of its assistant controller, David Mueller. Based on the record of evidence in the court file in this civil action, the Court finds that the following factual circumstances present in the instant case weigh in favor of transfer:

(1) All material documents and material witnesses in this case, except the Plaintiff Joe Womack, are located in Mississippi, over one hundred miles away from this federal district court. These material witnesses include Tom Ruff, the salesman who sold the boat to Plaintiff Womack and the Hill Equipment employees who prepared the paperwork in connection with the boat sale.

(2) All of Hill Equipment's documents regarding the sale of the boat in question in this lawsuit are located in Tupelo, Mississippi.

(3) All of Brunswick's documents regarding this boat likely are located at its West Point, Mississippi location, from which the boat in question was shipped to Hill Equipment by Brunswick.

(4) This case may also involve Mississippi witnesses to the boat's assembly at Brunswick's West Point location.

In summary, the above entitled civil action involves no Alabama witnesses other than the Plaintiff. Therefore, in determining access to sources of proof and in balancing the convenience of witnesses, transfer to the federal district court in

5

Mississippi is clearly in the interest of justice. *See Koehring Co. v. Hyde Constr. Co.*, 324 F.2d 295, 296 (5th Cir. 1963)(case transferred to Oklahoma where most of the witnesses resided there and lawsuit's only connection to Mississippi was the plaintiff's residence).

## B. THE LOCATION OF THE ALLEGED WRONGFUL ACTS

Where none of the alleged conduct asserted by a plaintiff in his complaint takes place in the forum selected by the plaintiff, the plaintiff's choice of forum is of minimal value in determining whether to transfer an action. *Johnston*, 158 F.R.D. at 505 (citing *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp.. 8 (S.D. Fla. 1985)); *Chicago, Rock Island and Pacific Railroad Co. v. Igoe*, 220 F.2d 299 (7th Cir. 1995), *cert. denied,* 350 U.S. 822 (1955). **PLAINTIFF'S STATUTORY PRIVILEGE OF CHOOSING HIS FORUM IS NOT A CONTROLLING FACTOR IN DETERMINING WHETHER A FEDERAL DISTRICT COURT CAN, FOR CONVENIENCE OF PARTIES AND IN INTEREST OF JUSTICE, TRANSFER ACTION TO ANOTHER DISTRICT COURT; ULTIMATELY, THE TRIAL JUDGE MUST USE HIS DISCRETION.** *Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir. 1970).[1]

All of the Defendants' conduct which Plaintiff Womack complains of occurred in Mississippi. This Court finds and determines that Alabama has no connection to the instant case except that the Plaintiff Womack lives here and the boat which he purchased from

---

[1] *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (the Eleventh Circuit adopted as binding precedent all cases decided by the Fifth Circuit Court of Appeals handed down by the close of business on September 30, 1981).

6

Defendants is physically located in Alabama.  Obviously, it was
transported to Alabama by or at the direction of Plaintiff and can
be easily and economically transported to the Northern District of
Mississippi, Eastern Division, for trial of this civil action, if
it is transferred.  All of the alleged acts complained of by
Plaintiff Womack occurred in Mississippi -- not Alabama.  Plaintiff
bought the boat in question at Defendant Hill Equipment in Tupelo,
Mississippi.  The boat was assembled at Defendant Brunswick's place
of business in West Point, Mississippi prior to being shipped to
Hill Equipment.  All key witnesses, except Plaintiff Womack, and
all key documents are located in Mississippi.

### C.  APPLICATION OF STATE LAW

Since this is a diversity case, this federal district court,
sitting in Alabama, in conformity with Eleventh Circuit Court of
Appeals binding precedent, is required to follow the conflict of
laws rules of the state in which it sits.[2]  The conflict of laws
rules of the State of Alabama provide powerful and persuasive
support to Defendants' 28 U.S.C. § 1404(a) Motion To Transfer the
above-entitled civil action against the Delaware corporate
defendants to the United States District Court of the Northern
District of Mississippi, the federal judicial district in which the

---

[2] *Griese-Traylor Corp. v. First National Bank of Birmingham*,
572 F.2d 1039, 1042 (5th Cir. 1978).

*Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir.
1981) (the Eleventh Circuit adopted as binding precedent all cases
decided by the Fifth Circuit Court of Appeals handed down by the
close of business on September 30, 1981).

7

allegedly fraudulent act which is the subject of this lawsuit occurred, namely, at Hill Equipment Company in Tupelo, Mississippi.

In tort and wrongful death actions, Alabama continues to apply the traditional choice of law principles of *lex loci delicti*. *Morris v. SSE, Inc.*, 912 F.2d 1392, 1396 (11th Cir. 1990) and under the principle of *lex loci delicti* an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred. *Fitts v. Minnesota Min. & Mfg. Co.*, 581 So.2d 819, 820 (Ala. 1991). Thus, if the above-entitled civil action remains and is tried in this United States District Court for the Northern District of Alabama in its Northwestern Division where it was removed by Defendant Brunswick, this United States District Court sitting in Alabama will [and must] determine this Plaintiff's substantive rights according to the law of the State of Mississippi where the allegedly fraudulent act occurred. This undeniable law and fact, together with this federal district court's unfamiliarity with the governing state laws of Mississippi,[3] weighs heavily in support of the § 1404(a) transfer.

## II.   *THE COURT'S DISCRETION TO TRANSFER CIVIL ACTIONS*

The decision to transfer a case to another district is left to the sound discretion of the trial court. *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. Unit B, July 1981), *cert denied*, 456 U.S.

---

[3]   See *Van Dusen v. Barrack*, 376 U.S. 612, 643 (1964).

8

918 (1982).⁴   Absent a clear abuse of discretion, an appellate
court will not reverse a court's decision to transfer a case.  *Id*.
These "transfer" propositions of law were reaffirmed in *Brown v.
Connecticut General Life Ins. Co.*, 934 F.2d 1193, 1997 (11th Cir
1991).

Wright, Miller & Cooper, Federal Practice and Procedure:
Jurisdiction 2d § 3855, p. 472, **Appellate Review of Transfer
Rulings**, comments that:

> It is entirely settled that an order granting or denying
> a motion to transfer under 28 U.S.C. § 1404(a) is
> interlocutory and not immediately appealable under 28
> U.S.C. § 1291.  The order [p. 473] can be reviewed on
> appeal from a final judgment in the action although it is
> very unlikely to constitute reversible error [p. 473] at
> that stage of the case [p. 474] and in any event if a
> transfer was made from a district court in one circuit to
> a district court in another, the court of appeals in the
> latter circuit cannot directly review the action of the
> first district court in ordering transfer . . . The
> propriety of some form of interlocutory review seems
> quite clear if the issue goes to the **power of the
> district court** to make the order it did and only a
> question of law is presented.⁵   But a very compelling
> argument can be made that if there is no question of
> power, and the only issue is whether the district judge
> exercised his discretion properly in considering the
> factors mentioned in the statute in granting or refusing
> the transfer, interlocutory review ought not to be
> available.   This is the view of the commentators
> [footnote omitted], it is the view of the American Law
> Institute [footnote omitted], and it has been the view of
> many distinguished appellate judges.

---

⁴   In *Stein v. Reynolds Sec. Inc.*, 667 F.2d 33, 34 (11th Cir.
1982), the Eleventh Circuit adopted as binding precedent all
decisions of Unit B of the former Fifth Circuit.

⁵   [Court footnote]:  The Pocket Part of Wright, Miller &
Cooper, Vol. 15, § 3855, at p. 83, cites as supporting authority
for this last referenced comment:  *Sterling Forest Associates, Ltd.
v. Barnett-Range Corp.*, 840 F.2d 249 (4th Cir. 1988), and *Gower v.
Lehman*, 799 F.2d 925, 927 (4th Cir. 1986).

9

## PROVISIONS OF 28 U.S.C. § 1404(a) DISTINGUISHED
### FROM DOCTRINE FORUM NON CONVENIENS

When Congress adopted § 1404(a), it intended to do more than just codify the existing law on *forum non conveniens*. As this Court said in *Ex parte Collett*, 337 U.S. 55-61, 69 S.Ct. 944, 947, 93 L.Ed. 1207, Congress, in writing § 1404(a), which was an entirely new section, was revising as well as codifying. The harshest result of the application of the old doctrine of *forum non conveniens*, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer. When the harshest part of the doctrine is excised by statute, it can hardly be called mere codification. **As a consequence, we believe that Congress, by the term "for the convenience of parties and witnesses, in the interest of justice," intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader.** [Emphasis supplied]. *Norwood v. Kirkpatrick*, 349 U.S. 544, 546 (1955).

### *CONCLUSION*

This case is due to transferred the United States District Court for the Northern District of Mississippi, Eastern Division. An appropriate transfer order will be entered contemporaneously with the entry of record of this Memorandum Opinion.

DONE this 10th day of June, 1997.

E. B. HALTOM, JR.
SENIOR UNITED STATES DISTRICT JUDGE

10